UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EZEKIEL TALADE KASSO,

    Plaintiff,

vs.

AMANDA ZENNIE, *et al.*,

    Defendants.

Case No. 3:23-cv-93

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

## ORDER DISMISSING THIS CASE FOR FAILURE TO PROSECUTE

This civil case is before the Court following *pro se* Plaintiff's failure to respond to the Court's April 20, 2023 Order to Show Cause.[1]  Doc. No. 5.  In that Order, U.S. Magistrate Judge Caroline H. Gentry directed Plaintiff to show cause why this case should not be dismissed as a result of his failure to notify the Court of his change in address.  *Id.*  Plaintiff was advised that failure to show good cause by May 19, 2023 could result in the dismissal of this case for failure to prosecute.  *Id.*  The Clerk of Court mailed a copy of that order to Plaintiff's address of record.  Doc. No. 6.  However, it was returned and marked as "RETURN TO SENDER; ATTEMPTED— NOT KNOWN; UNABLE TO FORWARD."  *Id.*  Plaintiff has not responded to the Judge Gentry's Order to Show Cause and the time for doing so expired on May 19, 2023.  *See* Doc. No. 5.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (italics added); *see also Carpenter v. City of Flint*, 723 F.3d

---

[1] Given his *pro se* status, all of Plaintiff's filings are liberally construed in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute" (citations omitted) (italics added)).

Plaintiff's failure to participate in this case since filing his *pro se* complaint leaves the record void of any explanation for his inaction.  Moreover, Plaintiff's failure to provide the Court with an accurate address leaves the court without any ability to communicate with him.  In light of these circumstances, dismissal of this case is warranted.  *See Link*, 370 U.S. at 630–31; *see also Carpenter*, 723 F.3d at 704.

Accordingly, the Court **DISMISSES THIS CASE WITH PREJUDICE** for failure to prosecute.  The Court **CERTIFIES** to the United States Court of Appeals for the Sixth Circuit that an appeal by Plaintiff would be objectively frivolous and not taken in good faith.  Plaintiff should not be permitted to proceed *in forma pauperis* on appeal and the Court **DENIES** Plaintiff a certificate of appealability.  This case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

  June 1, 2023                       s/Michael J. Newman               
                                     Michael J. Newman
                                     United States District Judge